ADILENE FLORES ESTRADA
Law Office of Adilene Flores Estrada
2014 Tulare Street, Suite 210
Fresno, CA 93721
Telephone: (209)843-0090
adilene@adilenefloreslaw.com

Attorney for Defendant
JUVENTINO GALINDO

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>         v.<br><br>JUVENTINO GALINDO,<br><br>               Defendant. | CASE NO.  1:14-CR-00141-LJO-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |

**BACKGROUND**

This case is set for a Status Conference Re Violation of Supervised Release set for May 4, 2022 at 2:00pm in Courtroom 7(SKO) before Honorable Judge Sheila K. Oberto.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

1    Although the General Orders address the district-wide health concern, the Supreme Court has

2    emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

3    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

4    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

5    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

6    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

7    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

8    or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

11   justice continuances are excludable only if "the judge granted such continuance on the basis of his

12   findings that the ends of justice served by taking such action outweigh the best interest of the public and

13   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

14   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

15   the ends of justice served by the granting of such continuance outweigh the best interests of the public

16   and the defendant in a speedy trial." *Id.*

17   The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

18   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

19   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

20   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

21   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

22   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

23   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

24   following the September 11, 2001 terrorist attacks and the resultant public emergency).

25   The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

26   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

27   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

28   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

(6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding

excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

(Local Code T4).  If continued, this Court should designate a status conference date of April 20, 2022.

*United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

"specifically limited in time").

## STIPULATION

Defendant Juventino Galindo, Jr., by and through its counsel of record, and Plaintiff, The United

States of America, by and through counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for Status Conference Re Violation of Supervised

Release for May 4, 2022 at 2:00pm in Courtroom 7 (SKO).

2.      By this stipulation, defendant now moves to continue the case and set a Status

Conference Re Violation of Supervised Release on May 17, 2022 at 2:00 p.m., and to exclude time

between May 4, 2022, and May 17, 2022 at 2:00 p.m., under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local

Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      Counsel for defendant desires additional time to review discovery, conduct

investigation and research related allegations, conduct research into any mitigating factors,

consult with her client, discuss a potential plea with the government, and to otherwise prepare for

trial.

b)      Counsel for defendant believes that failure to grant the above-requested

continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance.

d)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 4, 2022 to May 17, 2022 at 2:00 p.m., inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 29, 2022                                         PHILLIP A. TALBERT
                                                              United States Attorney


                                                              /s/ Alexandre Dempsey
                                                              Alexandre Dempsey
                                                              Assistant United States Attorney


Dated:  April 29, 2022                                        /s/ ADILENE FLORES
                                                              ESTRADA
                                                              ADILENE FLORES ESTRADA
                                                              Counsel for Defendant
                                                              Juventino galindo

1

2

3

4
**ORDER** .

5

6
DATED: 5/3/2022

7
_/s/ Sheila K. Oberto_

THE HONORABLE SHEILA K. OBERTO
8
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT